Brown, C.J.,
concurring.
{¶ 39} I concur with the majority that no provision of the Insurers Supervision, Rehabilitation, and Liquidation Act (“Liquidation Act”) expressly authorizes payment of interest to any claimant. In the absence of express authorizing statutory language, I am reluctantly constrained to conclude that the superintendent may not pay interest to the Oil & Gas Insurance Company’s (“OGICO’s”) creditors and other preferred claimants before paying Petrosurance, an OGICO shareholder — an entity in the lowest priority class for receiving funds under R.C. 3903.42.
{¶ 40} The superintendent has presented an appealing policy argument that she should be permitted to pay Class 2 through Class 8 claimants interest on their claims when adequate funds remain after satisfaction of their original claims, before distributing any remaining funds to Class 9 claimants, i.e., shareholders of the defunct company. As summarized by the National Association of Insurance Commissioners in its amicus brief in support of the superintendent, “the Ohio Liquidation statutes are designed and should be implemented to protect the interests of injured claimants over the interests of shareholders and owners whose actions likely caused the insolvency.” However, it is within the *62 province of the legislative branch, rather than the judicial branch, to determine public policy relative to the liquidation of insurance companies.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Brandon J. Lester, Deputy Solicitor, and W. Scott Myers and Sean M. Culley, Assistant Attorneys General, for appellant.
Beckman Weil Shepardson, L.L.C., Peter L. Cassady, Laurie A. Lamb, and John (Hui) Li, for appellee.
Squire Sanders & Dempsey, L.L.P., and Aneca E. Lasley, urging reversal on behalf of amicus curiae, National Association of Insurance Commissioners.
{¶ 41} The superintendent correctly observes that R.C. 3903.21(A) vests in her, as liquidator, expansive powers and that R.C. 3903.43 provides her with the authority to “compound, compromise, or in any other manner negotiate the amount for which claims will be recommended to the court.” Moreover, R.C. 3903.02(D) explicitly identifies the purpose of the Liquidation Act as the “protection of the interests of insureds, claimants, creditors, and the public generally.” It is tempting to accept the superintendent’s argument that these general statutory provisions vest her with authority to revisit previously awarded claims and add interest to them when funds remain at the conclusion of payment of Class 8 claims. In my view the equities weigh in favor of such a result. However, R.C. 3903.42 expressly states with specificity the “order of distribution of claims” and does not include authorization for payment of interest on claims. And as observed by the majority, the inclusion in R.C. 1125.24 of language specifically authorizing the payment of interest on claims filed in bank liquidations demonstrates that the General Assembly is capable of authorizing interest payments in liquidation proceedings when it intends to do so. Yet no such express authorization exists in R.C. Chapter 3903.
{¶ 42} I therefore write separately to urge the members of the General Assembly to consider amending R.C. Chapter 3903 to expressly authorize the liquidator of an insurance company to pay interest on previously allowed claims, when surplus funds exist, prior to distributing funds to shareholders. The General Assembly has expressed the general purpose of the Liquidation Act as the protection of the interests of insureds, claimants, creditors, and the public generally. R.C. 3903.02(D). Amendment of the Liquidation Act to expressly authorize payment of interest on claims, when a surplus exists, would more fully protect the interests of claimants and thereby more fully effectuate the stated goal of the act.